IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

RONALD HUITT                                                              PETITIONER

VS.                                                  CIVIL ACTION NO. 3:15cv30-DPJ-FKB

WARDEN JOHNNY CROCKETT                                          RESPONDENT

## <u>REPORT AND RECOMMENDATION</u>

This cause is before the Court on the petition for writ of habeas corpus filed by

Ronald Huitt and Respondent's motion to dismiss the petition as untimely.  Huitt has not

responded to the motion.  Having considered the motion, the undersigned recommends

that it be granted and the petition dismissed with prejudice.

In 2008, Huitt entered a plea of guilty in the Circuit Court of Lauderdale County,

Mississippi, to armed robbery.  He was sentenced to serve a term of ten years in the

custody of the Mississippi Department of Corrections (MDOC), with 195 days to serve,

nine years and 170 days suspended, and five years of post-release supervision.  On

October 10, 2012, Huitt's post-release supervision was revoked, and he was ordered to

serve the remaining nine years and 170 days of his sentence in the custody of MDOC.  In

the present action, he challenges the validity of his October 10, 2012, revocation order.

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a

one-year statute of limitation for petitions for writs of habeas corpus under 28 U.S.C. §

2254:

> (1) A 1-year period of limitation shall apply to an application for a writ of
> habeas corpus by a person in custody pursuant to the judgment of a State
> court.  The limitation period shall run from the latest of
>
>> (A) the date on which the judgment became final by the

conclusion of direct review or the expiration of the time for
seeking such review;

(B) the date on which the impediment to filing an application
created by State action in violation of the Constitution or laws
of the United States is removed, if the applicant was prevented
from filing by such State action;

(C) the date on which the constitutional right asserted was
initially recognized by the Supreme Court, if the right has been
newly recognized by the Supreme Court and made
retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or
claims presented could have been discovered through the
exercise of due diligence.

(2) The time during which a properly filed application for State post-
conviction or other collateral review with respect to the pertinent judgment or
claim is pending shall not be counted toward any period of limitation under
this subsection.

28 U.S.C. § 2244(d).  Under Mississippi law, there is no right of appeal from a revocation

order.  *Griffin v. State*, 382 So. 2d 289, 290 (Miss. 1980).  Therefore, Huitt's judgment of

revocation became final the day it was entered, and his one-year limitations period began

to run at that time.  He had one year from entry of the order, or until October 10, 2013, in

which to file for federal habeas relief, subject to tolling for any period during which a

properly-filed motion for post-conviction relief was pending in state court.   On March 4,

2013, Huitt signed and sent in for filing to the state trial court a motion to dismiss his

revocation order.[1]  The court denied the motion on August 27, 2013.  He did not appeal.[2]

Therefore, under § 2244(d)(2), Huitt is entitled to 177 days of statutory tolling for the time

period during which this motion was pending.[3]  His one year expired on April 7, 2014 (one

year from October 10, 2012, plus 177 days, plus two weekend days[4]).  Huitt did not file his

federal habeas petition until on or after January 6, 2015.[5]  Thus, his petition is untimely.

For these reasons, the undersigned recommends that the motion to dismiss be

granted and the petition dismissed with prejudice.  The parties are hereby notified that

failure to file written objections to the findings and recommendations contained in this

report within fourteen days of being served with a copy hereof  will bar an aggrieved party,

---

[1]The motion indicates that it was signed on March 4, 2013.  It was not file-stamped by the court until one month later, April 4, 2013.  In his motion, Respondent has given Huitt the benefit of this additional month.

[2]Thus, Huitt has never properly exhausted his claims, as required by 28 U.S.C. § 2254.  Therefore, his claims could, alternatively, be dismissed for this reason.

[3]Huitt had previously, on January 11, 2013, filed in the Mississippi Court of Appeals a petition for a writ of mandamus, challenging his revocation.  The petition was denied without prejudice on February 27, 2013, because it should have been filed in the trial court.  *See* Miss. Code Ann. § 99-39-7.  Because Huitt did not meet the state's procedural requirements for the filing of a petition challenging his revocation, the petition was not "properly filed" within the meaning of § 2244(d)(2). *See Artuz v. Bennett*, 431 U.S. 4, 8 (2000) (application is properly filed when its delivery and acceptance are in accordance with applicable laws and rules, including the proper court in which it is to be filed).  Therefore, he is not entitled to tolling for the period in which the petition was pending.

[4]The 177th day after October 10, 2013, fell on a Saturday.

[5]Under the "mailbox rule," a prisoner's *pro se* federal habeas petition is deemed filed on the date he delivers the petition to prison officials for mailing to the federal district court.  *Coleman v. Johnson*, 184 F.3d 401 (5th Cir. 1999).  Thus, Huitt's petition was "filed" sometime between the date it was signed, January 6, 2015, and the date it was received and filed by this court, January 15, 2015.

3

except upon grounds of plain error, from attacking on appeal proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; *Douglass v. United Service Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted, this the 2nd day of October, 2015.

/s/ F. Keith Ball_____
UNITED STATES MAGISTRATE JUDGE