UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

RONALD HUITT                                                                                         PETITIONER

V.                                                                           CIVIL ACTION NO. 3:15CV30 DPJ-FKB

WARDEN JOHNNY CROCKETT                                                                 RESPONDENT

ORDER

This Petition for Writ of Habeas Corpus is before the Court on the Report and Recommendation [8] of Magistrate Judge F. Keith Ball. Judge Ball recommended granting Warden Johnny Crockett's Motion to Dismiss [7] Ronald Huitt's Petition as untimely. Huitt filed an Objection [11]; Crockett filed a Response [12]; and Huitt filed a Letter of Clarification [13]. The Court, having considered the record and the filings of the parties, finds that the Report and Recommendation [8] should be adopted, the Petition is untimely, and the case should be dismissed with prejudice.

I.      Factual Background

In November 1997, a Lauderdale County grand jury indicted Huitt for armed robbery, but he was not arrested on the charge until September 2007. Mot. [7], Ex. J [7-10] at 1. Between 1997 and 2007, Huitt was incarcerated in Alabama on other felony charges. Huitt was extradited to Mississippi in September 2007 and entered a guilty plea on February 21, 2008. The Lauderdale County Circuit Court sentenced him to serve a term of ten years in the custody of the Mississippi Department of Corrections (MDOC), with 195 days to serve, nine years and 170 days suspended, and five years of post-release supervision. *Id.* at 2.

Following his release and return to Alabama, Huitt failed to report to his field officer, as required by the terms of his supervised release. *Id.* So, on October 10, 2012, the Lauderdale

County Circuit Court entered an order revoking the post-release supervision (PRS) and sentenced Huitt to serve nine years and 170 days in the custody of MDOC. *Id.* Huitt is currently serving this sentence.

On March 4, 2013, Huitt filed a request for post-conviction relief in the Lauderdale County Circuit Court, which the court denied on August 27, 2013. R&R [8] at 2 3.[1] Huitt did not appeal. *Id.* at 3. Then, on April 21, 2014, Huitt filed a motion to be released from sentence, which the circuit court construed as a second request for post-conviction relief. Mot. [7], Ex. J [7-10] at 2. In that filing, he "vaguely argue[d] for release due to violations of his 'extradition rights.'" *Id.* The court denied relief, finding the petition was successive, untimely, and without merit. *Id.* at 3 6. On the timeliness issue, the court specifically found that Huitt had waited over six years to file a petition challenging the 2008 guilty plea and sentencing stemming from his September 2007 extradition. *Id.* at 5.

On January 6, 2015, Huitt filed the instant federal petition for writ of habeas corpus. Pet. [1]. He raises four grounds for relief, all of which appear to take issue with his extradition from Alabama to Mississippi in 2007. *Id.* at 5 ("On Sept. 25, 2007 I was picked up by the Lauderdale County Deputies. There was no 'Extradition Hearing' held."). As relief, he seeks release from MDOC. *Id.* at 15.

II.     Report and Recommendation

Respondent argued in its Motion to Dismiss that Huitt's Petition is untimely, and Judge Ball agreed.  Both Respondent and Judge Ball construed the Petition as challenging

---

[1] Huitt signed his motion on March 4, 2013, but it was not file-stamped by the court until April 4, 2013. Judge Ball gave Huitt the benefit of the additional month. *Id.* at 3 n.1.

Huitt's 2012 transfer from Alabama to Mississippi for failure to comply with the terms of his post-release supervision. Therefore, Judge Ball found that Huitt's Judgment of Revocation became final on October 10, 2012, and he had one-year, or until October 10, 2013, to file for federal habeas relief. R&R [8] at 1 2; *see* 28 U.S.C. § 2244(d). Judge Ball appropriately tolled the limitations period for 177 days during the pendency of Huitt's first motion challenging the revocation extending the limitations period to April 7, 2014. R&R [8] at 3.[2] Thus, the January 6, 2015 Petition was untimely. The undersigned agrees that the Petition, to the extent that it is properly construed as challenging the October 10, 2012 Revocation Order, is untimely.

In his Objection [11] and Letter [13], Huitt insists that he is actually challenging the extradition from Alabama to Mississippi in September 2007.[3] This argument does not change the Court's conclusion that the Petition is untimely. The extradition for armed robbery occurred in 2007. Huitt was adjudged guilty and sentenced on February 21, 2008. Even assuming he had one year from that date to file a petition challenging the extradition, he did not file any state-court post-conviction motions before expiration of the one-year period that would entitle him to tolling. Accordingly, his January 2015 federal petition filed almost seven years after the

---

[2] Judge Ball did not toll the limitations period for the second state-court motion, signed on April 11, 2014 and filed on April 21, 2014, because it was signed after the expiration of the limitations period.

[3] Some courts have held that a petitioner cannot maintain a habeas corpus action for a completed extradition. *See Barton v. Norrod*, 106 F.3d 1289, 1298 (6th Cir. 1997) ("Once the fugitive is returned to the demanding state, the right to challenge extradition becomes moot . . . ."); *Danzy v. Johnson*, 417 F. Supp. 426, 431 (E.D. Pa. 1976) ("[O]nce an accused has been placed in the custody of the state demanding his extradition, the legality of the extradition may not be attacked by way of habeas corpus."); *see also Harden v. Pataki*, 320 F.3d 1289 (11th Cir. 2003) (suggesting the proper vehicle is 42 U.S.C. § 1983); *Crumley v. Snead*, 620 F.2d 481, 483 (5th Cir. 1980) (same).

judgment    was untimely.[4]

In sum, Huitt's Petition is untimely whether he is challenging the 2007 extradition on the armed-robbery charges, his guilty plea and judgment on the armed-robbery charges in 2008, the 2012 extradition on the supervised-release violation, or the 2012 Revocation Order.

III.    Conclusion

Based on the foregoing, the Court finds that the Report and Recommendation [8] of Magistrate Judge F. Keith Ball should be adopted as the opinion of the Court.  This Petition is dismissed with prejudice.

A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 19th day of November, 2015.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

---

[4]  Respondent also argues that Huitt should have been aware of his improper-extradition claim on June 13, 2012, when he was arrested for the probation violation.  Resp. [12] at 3.  Under this approach, Judge Ball's calculation of untimeliness based on the October 10, 2012 Revocation Order also remains appropriate.